We'll hear the final case to be argued this morning, Lue v. JPMorgan. Good morning, your honors. May I please the court? Yes, go ahead. My name is Candice Lue and I'm the pro se appellant in this civil action, Lue v. JPMorgan Chase & Company et al. I have not reserved time for rebuttal as the oral argument statement that I'll be presenting today is roughly five minutes. But subsequent to arguments, if possible and okay, I'd appreciate a couple of minutes for rebuttal. If you want some rebuttal, you can take three minutes and then save two minutes for later. So it's up to you how you want to use your five minutes. Okay, sure. So I'll read my statement. Okay. In his August 1st, 2017 letter motion to district court judge, Judge Allison J. Nathan, requesting that the court strikes all of my opposition responses, including my eight affidavits and nearly 500 pages of pertinent evidence to the defendant's criminal and perjurous motion for summary judgment from the district court docket. Defendants JPMorgan Chase & Company et al's attorney Anshul Kaplan stated, and I quote. Defendants and this court should not be burdened with reviewing and responding to these excessive and non-compliant filings, end quote. First off, this request is by all means in contravention of Graham versus Lewinsky. Haynes versus Kerner and Burgos versus Hopkins. Even though he made this transgressive request, in his said letter motion to Judge Nathan, he provided solid references from my said opposition responses to support why his motion should be granted. As is also obvious, in the defendant's appellee's brief submitted to this court by Mr. Kaplan, he critiqued without merit the style of the arguments in my said opposition's responses to JPMorgan Chase & Company et al's criminal and perjurous motion for summary judgment. This would mean to anyone of reasonable mind that JPMorgan Chase & Company et al's defense attorney has read, reviewed, and possesses full knowledge of the arguments and evidence I presented in my opposition's responses to the said defendant's criminal and perjurous motion for summary judgment to dismiss my lawsuit with prejudice. With that said, seeing that the arguments and accompanying evidence are wholly stacked against his clients, to save them from their obvious and overwhelming states of guilt, Mr. Kaplan had to come up with a frivolous technicality, as in, quote, unquote, the plaintiff, Candace Lew, is not in compliance with Judge Allison J. Nathan's page limit rules, which, for a pro se litigant, was nonexistent in Judge Nathan's special rules of practice in civil pro se cases prior to me submitting my opposition's responses to the court and or at the time that Mr. Kaplan submitted his said letter motion. However, and sadly, in gross violation of my fifth and fourteenth amendment rights to procedural due process and at the risk of the integrity of the US judicial system, Judge Nathan, without addressing me regarding any of Mr. Kaplan's issues, granted Mr. Kaplan's letter motion to strike all of my said opposition responses. Your honors, I'm sorry, I'm over. May I please have a couple more minutes to finish? Take another minute. You can take another minute. We have your papers and we will read your papers. We have read your papers already. Sure, thank you so much, your honor. To strike all of my opposition's responses, including my eight affidavits and nearly 500 pages of pertinent evidence to his client's criminal and perjurous motion for summary judgment, bearing in mind that as per the rule of law, affidavits and evidence are not subjected to page limits. Judge Nathan then completely ignored my reports pursuant to 18 US Code Section 4 of the overwhelming evidence that six out of the eight defendant's declarants lied under penalty of perjury, a crime pursuant to 18 US Code Section 1621, and that JP Morgan Chase obstructed justice by using a black employee to lie on their behalf under penalty of perjury, a crime pursuant to 18 US Code Section 1505. I want you to finish up. Sure. Most courts don't allow pro se's to argue at all. We do that. We allow pro se's to argue, but why don't you finish up? Sure. Okay, thank you so much, your honor. In addition to solidify her ruling granting the defendant's letter motion to strike all of my said opposition responses to their criminal and perjurous motion for summary judgment. When I provided evidence of her erroneous ruling in my August 12th, 2017 motion to the court, instead of Judge Nathan mooting her ruling, granting the defendant's letter motion to strike my said submissions from the district court's docket. Judge Allison J Nathan prejudicially updated her special rules of practice in civil pro se cases to add page limits. Thank you. We'll hear from the other side. May it please the court, I'm Robert Whitman on behalf of the defendant's appellees. There are two principle issues before the court on this appeal. The first is whether Judge Nathan properly deemed the plaintiff's summary judgment motion unopposed after the plaintiff failed to submit compliant papers in the face of repeated explicit warnings that that would be the result. And she failed to do so. And the second issue is whether the record in the absence of compliant opposition papers from the plaintiff, whether the record supports Judge Nathan's grant of summary judgment. As to the first issue, the district court could not have been clearer with the plaintiff. On numerous occasions, she was ordered to submit compliant papers consistent with the court's directive, lest the motion be deemed unopposed and fully submitted. Your opponent says that there were no special rules with regard to pro se's. Is that the case? The court, the district court did have special rules for pro se plaintiffs, but she did not base her order on those rules. She just deemed them to be overly burdensome and directed the plaintiff to submit page compliant papers. A 50 page, 56.1 opposition. She imposed a page limitation herself. That's correct. That's correct. And that order of page limit is well within, really at the core of a district judge's authority to control litigation before her. The plaintiff was given several explicit warnings, including in a December 4th, 2017 order stating that this was the plaintiff's last chance. She had been given a number of explicit directives before that that were not complied with. And as to the substantive issue, once the motion was deemed unopposed and fully submitted in light of the plaintiff's failure, Judge Nathan then did not just proceed to grant the motion, but she went through a careful consideration of the full record, recognizing both the leniency that she was obliged to show toward a pro se plaintiff, but also that she was not permitted to just accept the statements in the defendant's 56.1 statement on their face, but she was obliged to do a detailed review of the record. And her opinion, a 20 page detailed thorough opinion, shows that in fact she did so. Unless the court has any further questions, we'll rest on our papers. Thank you. Thank you. We will reserve decision. The last case on the calendar is on submission. Accordingly, we will adjourn. I had said no. I had given you the choice of doing a shorter time and doing rebuttal, and you elected to go forward, so no rebuttal. I'm sorry, I did not understand. That's all right. We have your papers. We will take the case under advisement.